THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE APPLICATION OF LIQUIDMETAL COATINGS, LLC PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Misc Case No.: 21-449

**<u>*EX PARTE* APPLICATION OF LIQUIDMETAL COATINGS, LLC FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND INDWELLING MEMO IN SUPPORT</u>**

Petitioner Liquidmetal Coatings LLC respectfully submits this memorandum of law in support of its *ex parte* application for an Order, pursuant to 28 U.S.C. § 1782(a), to conduct limited, but necessary, discovery in this District for use in judicial proceedings in British Columbia, Canada.

1. Based upon the concurrently filed Declarations of Patrick R. Kelly, and John Shewfelt, and the indwelling Memorandum of Law, Petitioner, Liquidmetal Coatings, LLC ("Petitioner"), respectfully asks this Court to grant the Order annexed as <u>Exhibit B</u> to the Declaration of Patrick R. Kelly, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve Integrated Global Services, Inc. ("IGS") with the subpoena annexed as <u>Exhibits A</u> to the Declaration of Patrick R. Kelly. The requested relief is for the purpose of obtaining limited, but necessary, discovery in connection with pending civil and proceedings in Canada (the "Canadian Proceedings").

2. The subpoena seeks from IGS documents which, as set forth in more detail below, Petitioner will use in the Canadian Proceedings. Petitioner believes that the documents sought will play a critical role in determining whether the Defendant in that action, David John Holland ("Defendant"), coordinated or conspired with IGS to deprive Petitioner of the benefits of a

1

certain contractual agreement by, among other things, disclosing confidential and proprietary information concerning the agreement and assisted IGS to obtain the same work that was the subject of the agreement.

3. The business of Petitioner and its subsidiary Liquidmetal Coatings Solutions, LLC ("LMCS") is the supply and application of a specialized metal alloy spray coating with corrosion and erosion resistant properties for use in a number of industries, including pulp and paper production.

4. Defendant is a Canadian citizen who is ordinarily resident in British Columbia.

5. At all material times up to March 3, 2021, Defendant was employed by Petitioner as a Regional Sales Manager to provide services to LMC and its related entities, including LMCS, under the terms of a written Employee Obligation Agreement, dated and signed by the Defendant on August 14, 2014.

6. On December 3, 2020, LMCS submitted a written Proposal in response to a request for proposal from TVE Industrial Services Ltd. ("TVE"), to perform thermal spray work at the Mercer Celgar Pulp Mill in Castlegar, British Columbia, during a scheduled outage in March 2021 (the "Proposal)."

7. On January 13, 2021, TVE accepted the Proposal and issued to LMCS a purchase order in the amount of CAN $102,243.91, plus applicable taxes, for the performance of the thermal spray work as described in the Proposal. The schedule for the work required LMCS personnel and equipment to enter from the United States and remain in Canada for the period between March 14 and March 20, 2021. (the "Agreement").

8. Under the terms of the Agreement, LMCS was responsible for taking the steps necessary to comply with federal and provincial law, including the legal requirements relating to

border entry for foreign workers and occupational health and safety. Defendant undertook as part of his employment duties the responsibility for ensuring that the necessary steps were taken and the legal approvals were in place to allow LMCS personnel and equipment to enter British Columbia and perform the work.

9. Defendant negligently or intentionally failed to take timely steps to ensure that the necessary permits and approvals were obtained in time for LMCS to perform its obligations under the terms of the Agreement. Specifically, the Defendant did not contact a Canadian Immigration Consultant to begin work on obtaining the necessary permits and approvals until March 2, 2021.

10. On March 3, 2021, at 8:28 PM, Defendant emailed notice to LMC of his resignation from employment effective immediately.

11. Both before and after resigning from his employment, Defendant:

(a) disclosed confidential information concerning the Proposal and resulting Agreement to officers, employees, and agents of IGS.

(b) actively assisted IGS to obtain the same work that was the subject of the Agreement, including but not limited to assisting IGS to obtain the necessary permits and approvals for a team of IGS technicians to enter Canada to perform that work; and

(c) communicated with TVE for the purpose and with the effect of:

(i) disparaging LMCS and encouraging TVE to terminate the Proposal and related Agreement; and

(ii) soliciting TVE to award that same work to IGS.

12. As noted above, IGS was directly involved in conferring with Defendant about the subject matter of the Proposal and related Agreement at the relevant time. Petitioner

3

anticipates that IGS will give evidence regarding Defendants disclosure of confidential and proprietary information along with his efforts to ensure the IGS would receive the benefits of the Proposal and resulting Agreement.

13. Petitioner's Application Should be Granted

14. Section 1782 of Title 28 of the United States Code permits "any interested person" to file an *ex parte* petition seeking authorization to conduct discovery in the United States for use in a foreign proceeding. These subpoenas are frequently issued *ex parte*. subject to the subpoena's target's ability to move to quash the subpoena. *In re Rivada Networks Pursuant to 28 U.S.C. § 1782 to Conduct Discovery*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017); *Chevron Corp. v. Page (In re Naranjo)*, 768 F.3d 332, 339 (4th Cir. 2014).

15. Per the statute's terms and relevant authority the court must consider three factors before granting such an application. A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *In re in re Polymer Sols. Int'l, Inc.*, Civil Action No. DKC 18-1864, 2018 U.S. Dist. LEXIS 107586, at *1-2 (D. Md. June 27, 2018); *In re Purolite for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, Civil Action No. 3:16-mc-00056-JMC, 2016 U.S. Dist. LEXIS 45255, at *1 (D.S.C. Apr. 4, 2016)

16. Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782.

17. First, IGS may be "found" in this District as it is headquartered here and it undertakes systematic and continuous local activities within this District. A corporation is "found" in a district for purposes of § 1782 in the district in which it is headquartered or incorporated and also where it undertakes systematic and continuous local activities. *In re Del Valle Ruiz*, 939 F.3d 520, 527–528 (2d Cir. 2019) ("§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process"); *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019) (court should apply personal jurisdiction analysis to determine whether corporation is "found" in district).

18. Second, the Canadian Proceedings – judicial proceedings falling squarely within the statutory requirement of, "proceeding[s] in a foreign or international tribunal."

19. Third, the documents that Petitioner seeks are critical to those proceedings, as they are relevant to establishing Defendant's disclosure of Petiitioner's confidential and proprietary information along with his concerted efforts with IGS to undermine and ensure that the TVE would cancel the Agreement with Petititioner and transfer the work to IGS.

20. Finally, Petitioner is clearly an "interested person" within the statute, based upon its current and contemplated efforts to seek redress for the injuries it has suffered because of the above discussed improprieties.

21. The court may in its discretion grant the request for issuance of a subpoena requiring the production of documents. The factors the court may consider when exercising its discretion include: "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome." *Kaiser Found. Health Plan, Inc. v. Pfizer, Inc.* (In re Neurontin Mktg. & Sales Practices Litig.), 748 F. Supp. 2d 34, 52 (D. Mass. 2010); *See also, Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

22. All the discretionary factors likewise favor granting this *ex parte* application.

23. Typically, courts are inclined to allow litigants in foreign courts to seek discovery from parties who are not before the foreign tribunal and over whom the foreign tribunal may not exercise jurisdiction or compel discovery. The reasons for this are clear, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted). IGS neither is nor could in be a named party in the Canadian Proceedings. This factor therefore clearly weighs in favor of granting Petitioner's request.

24. "The court may also take into account, 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign [tribunal] to U.S. federal-court judicial assistance.' The receptivity of the foreign tribunal is particularly important in light of the purposes of § 1782(a)." *In re in re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008) *quoting Intel Corp.*, 542 U.S. at 264. As noted by the court in the matter of *Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209, 212-13 (4th Cir. 2020), "[§ 1783] reflects a long-term — over 150-year — policy of Congress to facilitate cooperation with foreign countries by "provid[ing] federal-court assistance in gathering evidence for use in foreign tribunals." Canadian tribunals frequently request and receive assistance from the In re Digiulian,

Civil Action No. 8:19-cv-02213-PX, 2019 U.S. Dist. LEXIS 175111, at *4 (D. Md. Oct. 8, 2019); Federal Courts. See generally, In re FTC, No. MJG-13-mc-524, 2014 U.S. Dist. LEXIS 106214, at *2 (D. Md. Aug. 4, 2014); In re Request from Canada, 155 F. Supp. 2d 515, 517 (M.D.N.C. 2001) (each involving assistance provided to proceedings in Canadian courts or tribunals). Therefore this factor also clearly weighs in favor of granting Petitioner's request.[1]

25. The third factor also requires that discovery should be granted, as this application is not an attempt to circumvent any foreign proof-gathering restrictions. Notably, "This factor entails neither a discoverability requirement nor a quasi-exhaustion requirement. . .that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court." *In re P.T.C. Prod. & Trading Co.*, AG, No. 1:20-mc-00032-MR-WCM, 2020 U.S. Dist. LEXIS 234511, at *6 (W.D.N.C. Dec. 10, 2020) (internal citation omitted). This discovery is entirely consistent with the nature and scope of Canadian discovery. However, the discovery could not be had within the tribunal due solely to jurisdictional restrictions. Therefore, this factor does not weigh against the requested discovery.

26. Finally, this discovery is wholly unextraordinary in its scope and burden. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 819 (D. Md. 2020) (internal citation omitted). The documents and information sought are directly related to the matter in dispute. While, this requests may be said to seek confidential information, they are narrowly tailored to

---

[1] As noted by United States District Court for the Western District of Virginia, "A survey of the relevant case law indicates that the respondent to a § 1782 bears the burden of proving that the foreign tribunals are unreceptive to the discovery sought." *Chevron Corp.*, Civil Action No. 7:10-mc-00067, 2010 U.S. Dist. LEXIS 125174, at *8 (W.D. Va. Nov. 24, 2

seek only information central to proving Petitioner's claims. *See also, In re FTC*, 2014 U.S. Dist. LEXIS 106214, at *11 (requiring the production of arguably private customer data). As each of the above referenced cases confirm, courts often require non-parties to provide relevant documents.

27. Of course, as mentioned above the law permits and courts frequently authorize interested parties to issue subpoenas to non-parties on an *ex parte* basis. *Id.*; *In re Rivada Networks*, 230 F. Supp. 3d at 473 ("[Petitioner's] decision to file an *ex parte* § 1782 application was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*."); *In re Qwest Communs. Int'l, Inc.*, No. 3:08mc93, 2008 U.S. Dist. LEXIS 115845, at *14 (W.D.N.C. July 9, 2008) ("an *ex parte* application will not prejudice the rights of the subpoenaed party[…]. Issuance of the subpoena is but a first step in this process, and allows for the subpoenaed party to challenge the subpoena under Rule 45, Federal Rules of Civil Procedure, or appeal this Order to the district court upon a showing that its issuance was clearly erroneous or contrary to law.")

Accordingly, Petitioner respectfully requests that the Court grant its application for an Order (in the form annexed as Exhibit B to the Declaration of Patrick R. Kelly) granting leave to serve IGS with the subpoenas annexed as Exhibit A to the Declaration of Patrick R. Kelly.

/s/ Patrick R. Kelly

Patrick R. Kelly (VSB No. 73662)
LEWIS BRISBOIS BISGAARD & SMITH LLP
10 S. Jefferson Street, Suite 1100
Roanoke, Virginia 24011
Phone: 540-283-0132
Fax: 540-283-0044
Patrick.Kelly@lewisbrisbois.com

Attorney of Petitioner Liquidmetal Coatings, LLC